FILED
CLERK, U.S. DISTRICT COURT
DEC 2 3 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

BRIAN EDWARDS,
Petitioner,
v.
F.B. HAWS, WARDEN, et al.,
Respondents.

Case No. CV 08-08181 GAF (AN)

MEMORANDUM AND ORDER

## I. Background

On December 11, 2008, petitioner Brian Edwards, a state prisoner proceeding *pro se*, filed his pending habeas petition pursuant to 28 U.S.C. §2254 ("§2254") in the Central District of California, Western Division. Pursuant to the Court's duty to screen §2254 petitions,[1] the Court has reviewed the Petition and finds it is subject to summary dismissal because it plainly appears from its face that Edwards is challenging the conditions of his confinement, not the legality or duration of his 1997 conviction for attempted murder and

---

[1] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 ("if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified"); Local Rule 72-3.2 (authorizing magistrate judge to prepare proposed order for summary dismissal and proposed judgment for district judge if it plainly appears from the face of petition that petitioner is not entitled to relief).

second degree robbery and the related 31-years-to-life prison sentence that he sustained in case no. YA030468 of the California Superior Court for Los Angeles County. (Petition at 3.) Specifically, the five claims in the Petition establish Edwards is principally claiming the respondents have violated his constitutional rights by: (1) misplacing numerous inmate 602 complaints that he has filed; (2) tampering with his mail; (3) denying him access to a copying machine and the law library; (4) neglecting his medical needs; and, last but not least, (5) "denying [him] access to look at a naked grown woman." (Petition at 6 - 10.)

## II. Discussion

### A. The Petition must be dismissed since it is not directed at Edwards' underlying conviction or sentence.

A habeas corpus petition can only be used to challenge the legality or duration of a prisoner's confinement; in contrast, a civil rights action is the proper mechanism for challenging conditions of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991)(prisoner must bring condition of confinement claims by way of a civil rights complaint brought pursuant to 42 U.S.C. §1983 ("§1983"), not a habeas corpus petition). Since it plainly appears from the face of the Petition that Edwards is not challenging the legality or duration of his underlying conviction and sentence, the Court finds the Petition must be dismissed.

### B. The Court declines to construe the Petition as a Civil Rights Complaint.

Under appropriate circumstances, district courts have the discretion to construe a habeas petition as a civil rights complaint if it appears the allegations raise a viable constitutional deprivation claim directed at the conditions of the petitioner's custodial confinement instead of a challenge directed at the legality or duration of his conviction or sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973). The Court finds it would be inappropriate to construe Edwards' Petition as a prisoner civil rights complaint for the following reasons.

Prisoner civil rights actions under §1983 are subject to different requirements than federal habeas proceedings under §2254. The filing fee for a prisoner civil rights complaint



is $350.00 compared to the substantially lower $5.00 filing fee for habeas petitions. 28 U.S.C. §1914(a). Prisoners who wish to bring civil rights actions *in forma pauperis* must also qualify for IFP status and become financially responsible for paying the full $350.00 filing fee from their prison trust accounts. See 28 U.S.C. §1915(b)(1). Also, the Prison Litigation Reform Act has amended 42 U.S.C. §1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). In California, this means that a prisoner must go through the following levels of administrative appeal before filing suit in federal court: (1) informal resolution (waived under certain conditions); (2) formal written appeal on a California Department of Corrections ("CDC") 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the director of the CDC. Cal.Code Regs. Tit. 15, §3084.5; *Barry v. Ratelle,* 985 F.Supp. 1235, 1237-38 (S.D. Cal. 1997). "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2002). The Supreme Court has held §1997e(a)'s exhaustion requirements apply to all claims relating to prison life which do not implicate the duration of a prisoner's sentence. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992, 152 L.Ed.2d 12 (2002).

In order to make sure that a prisoner has complied with the foregoing exhaustion requirements, this Court requires prisoners bringing §1983 civil rights actions to use the Court-approved civil rights complaint form, which contains instructions that are tantamount to general orders of this Court and require the inmate to "attach copies of papers related to the grievance procedure." Civil Rights Complaint Form CV-66, page 3; *see Brady v. Attygala,* 196 F. Supp. 2d 1016, 1018 (C.D. Cal. 2002).

Edwards' Petition is not prepared on this Court's approved prisoner civil rights complaint form. He has not paid the required $350.00 filing fee to file a prisoner civil rights complaint or demonstrated that he is entitled to proceed IFP. Nor has he authorized funds



to be withdrawn from his prison trust account to pay for all or any part of the filing fee. Therefore, the Court finds it is inappropriate to construe his petition as a prisoner civil rights complaint.

## III. Conclusion

For the reasons set forth above, the petition is summarily dismissed without prejudice. A judgment of dismissal of the entire action shall be entered accordingly.

**IT IS SO ORDERED.**

DATED: December 19, 2008

GARY A. FEESS
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge